## THOS. SATERLY AND WIFE *v.* NATHANIEL THOMPSON.

**Dower and curtesy — Possession by Husband After Death of Wife — Descent and Distribution.**

> Evidence shows that the husband and wife after their marriage did not live in the county in which the land of the wife was situated, during the life of the wife. *Held,* that as the husband never had possession of the land during the life of the first wife, he could not claim the curtesy, and a subsequent entry and possession by him would inure only to the benefit of the heir of the deceased wife.

APPEAL FROM GREENUP CIRCUIT COURT.

June 29, 1867.

OPINION OF THE COURT BY JUDGE WILLIAMS:

We regard the evidence and circumstances as largely preponderating against the probability that Mrs. Crutcher, the mother of appellant Elizabeth, and her husband or either of them were in Greenup county after their marriage and before her death.

Appellants, Elizabeth's mother and father, were married in the spring of 1835, and she was born in February, 1836; her mother continued in a feeble state of health until her death in the following August.

Crutcher says neither he nor his first wife were in Greenup after their marriage up to her death and he is corroborated in this by another witness; he, therefore, never had possession of the land in controversy during the life of his first wife and, therefore, had no curtesy; his interest expired with the death of his wife and the title and right of possession descended to appellant Elizabeth

as only heir to her deceased mother; her father's subsequent possession and renting inured to her benefit and gave him no estate in the land; judgment should have been in favor of appellants for a recovery of the land, wherefore it is reversed with directions for further proceedings as herein indicated.

*Phister,* for Appellant.

*Harlan & Dulin,* for Appellee.